19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Coy C. ANDERSON, II, also known as C.C. Anderson, also known
as Sandy Anderson, also known as Rusty Anderson,
also known as Jeff Wright, also known as
Alex Wright, Defendant-Appellant.
 No. 93-1870.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 10, 1993.
Decided March 11, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Coy Anderson, II was indicted for one count each of securities fraud, bank fraud, tax fraud, and money laundering. Anderson pleaded guilty to all four counts, but later moved to withdraw his guilty plea. The district court denied this motion and subsequently sentenced him to more than twenty years imprisonment. On appeal, Anderson claims that the district court erred in refusing to allow him to withdraw his guilty plea. He also contends that the district court erred in denying him a two-level reduction for acceptance of responsibility. We affirm the district court in both respects.
 
 I. Background
 
 2
 On January 29, 1993, a grand jury indicted Anderson for one count each of securities fraud, bank fraud, tax fraud, and money laundering. Anderson was later arraigned and ordered detained pending trial. Anderson was held in the St. Clair County Jail. During his detention, Anderson refused to drink water. This apparently aggravated a gall bladder condition from which he suffered. Because of this problem, and because Anderson refused to speak with jail officials, he was transferred to a medical facility for treatment. While at the medical center, Anderson also underwent a psychological examination. The psychologist's report concluded that Anderson was competent. The district court also held during a competency hearing that Anderson was competent to stand trial.
 
 
 3
 On December 7, 1993, Anderson pleaded guilty to each of the four counts pending against him. At the plea hearing, the district court engaged Anderson in a Rule 11 colloquy. During the exchange, the judge questioned Anderson concerning his medical and physical problems, as well as the voluntariness of the plea. The district court also told Anderson that once he pleaded guilty, he would not be allowed to withdraw his guilty plea. The district court then concluded that Anderson's plea was knowing and voluntary and, therefore, accepted his guilty plea.
 
 
 4
 After pleading guilty, Anderson changed his mind and moved to withdraw his plea. In support of his motion, Anderson argued that he was unable to understand his guilty plea because his long confinement and inability to assist in his defense created stress and depressed him. He further claimed that his gall bladder problem diminished his ability to appreciate the consequences of his plea. The district court denied Anderson's motion to withdraw his plea and sentenced him to 60 months on Count I, 5 years on Count II, 10 years on Count III, and 3 months on Count IV, to run concurrently. In sentencing Anderson, the court refused to grant him a two-level reduction for acceptance of responsibility, as recommended in the presentence investigation report.
 
 II. Analysis
 A. Withdrawal of a Guilty Plea
 
 5
 Anderson first claims that the district court erred in denying his motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea; rather the decision of whether to allow him to do so is within the sound discretion of the trial court. United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987). We will reverse a district court's denial of a motion to withdraw a guilty plea only if the district court abused its discretion. United States v. Price, 988 F.2d 712, 717 (7th Cir.1993).
 
 
 6
 Anderson claims that he should have been allowed to withdraw his guilty plea because he "was under stress because of [his] long term confinement in various county jails awaiting trial and had been for an extended period of time." This court rejected a similar argument in Ray, 828 F.2d 399. In Ray, we held that the district court did not abuse its discretion in finding that a defendant's alleged fear for his life during confinement did not constitute a fair and just reason for allowing a defendant to withdraw his guilty plea. Id. at 424. Anderson further claims that he "was depressed by virtue of the fact that [he] was incarcerated and had not been able to leave the various jails to help prepare and assist in [his] defense...." We also rejected this argument in Ray, 828 F.2d at 424.
 
 
 7
 Finally, Anderson claims that his gall bladder problem "created mental stress and diminished [his] ability to fully appreciate the consequences of [his] guilty plea." In other words, Anderson claims that he did not knowingly and voluntarily enter the guilty plea. Anderson, however, underwent a Rule 11 hearing in which the district court questioned him about his physical and mental condition, as well as the voluntariness of his plea. During the Rule 11 hearing, the district court concluded that Anderson was "fully competent and capable of entering an informed plea, and that his plea is both knowingly and voluntarily made...." Anderson has failed to present any evidence, other than his conclusory statements, which would demonstrate that the district court erred in finding his plea knowing and voluntary. For this reason, and because defendants who have been afforded a Rule 11 hearing "should not be easily let off the hook when they feel like changing their mind," United States v. Coonce, 961 F.2d 1268, 1276 (7th Cir.1992), we hold that the district court did not abuse its discretion in denying Anderson motion to withdraw his guilty plea. See United States v. Fuller, No. 93-2061, slip op. at 7 (Jan. 28, 1994).
 
 B. Acceptance of Responsibility
 
 8
 Anderson next claims that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility. Section 3E1.1(a) provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. 3E1.1(a). "Whether a defendant has accepted responsibility is a question of fact, and we will alter the determination of the district court on that point only if it is clearly erroneous." Fuller, No. 93-2061, slip op. at 7.
 
 
 9
 Anderson argues that since he entered a guilty plea he was entitled to a reduction for acceptance of responsibility. Just because a defendant enters a guilty plea, however, does not entitle him to an automatic reduction for acceptance of responsibility. United States v. Skinner, 986 F.2d 1091, 1100 (7th Cir.1993). Moreover, Anderson attempted to withdraw his guilty plea. Attempting to withdraw a guilty plea is grounds for denial of an acceptance of responsibility reduction. United States v. Price, 988 F.2d 712, 722 (7th Cir.1993). Further, Anderson received a two-level increase for obstruction of justice pursuant to Sentencing Guidelines Section 3C1.1. "Conduct resulting in an enhancement under Sec. 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1 comment. (n. 4). These circumstances make it clear that the district court did not clearly err in finding that Anderson was not entitled to a two-level reduction for acceptance of responsibility.
 
 
 10
 In response, Anderson argues that he was entitled to a reduction for acceptance of responsibility because the government agreed not to oppose such a reduction, but did in fact oppose it in the presentence report. It is true that the government entered an oral plea agreement with Anderson in which it agreed "not [to] contest ... that the defendant is entitled to two points of reduction in his sentence by acceptance of responsibility for pleading guilty...." Once Anderson attempted to withdraw his guilty plea, however, "the government was entitled to withdraw from the plea agreement on the ground that [Anderson] was not accepting responsibility for his crime." United States v. Osborne, 931 F.2d 1139, 1164 (7th Cir.1991).[1] Accordingly, we reject Anderson's reliance on the plea agreement to support a two-level reduction for acceptance of responsibility.
 
 III. Conclusion
 For the foregoing reasons we
 
 11
 AFFIRM.
 
 
 
 [1]
 Moreover, Anderson is not entitled to withdraw his guilty plea because the government is no longer bound by its agreement to recommend a two-point reduction for acceptance of responsibility. Osborne, 931 F.2d at 1162-64